# RECORD IMPOUNDED

---

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

---

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0950-18T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RAMON CORTES,

    Defendant-Appellant.

_____

Submitted March 3, 2020 – Decided March 10, 2020

Before Judges Accurso and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 13-04-1142.

Joseph E. Krakora, Public Defender, attorney for appellant (Karen Ann Lodeserto, Designated Counsel, on the brief).

Jill S. Mayer, Acting Camden County Prosecutor, attorney for respondent (Kevin Jay Hein, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Ramon Cortes appeals an order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. The PCR judge, who entered defendant's guilty plea to second-degree sexual assault, also entered the order under review and issued a thorough written decision. On appeal, defendant limits his argument to a single point for our consideration:

> THE PCR COURT ERRED IN DENYNG DEFENDANT AN EVIDENTIARY HEARING BECAUSE TESTIMONY IS NEEDED REGARDING THE SUBSTANCE OF THE LEGAL ADVICE PLEA COUNSEL PROVIDED TO DEFENDANT REGARDING THE PENAL CONSEQU[E]NCES OF HIS GUILTY PLEA.

More particularly, defendant claims his plea counsel failed "to adequately explain" the consequences of Parole Supervision for Life (PSL), N.J.S.A. 2C:43-6.4, and the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

We have carefully considered defendant's contentions in view of the applicable law, and conclude they lack sufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons set forth by the PCR judge in her well-reasoned decision. We add the following brief remarks.

As the PCR judge correctly determined, the plea form and the colloquy between the judge and defendant during the plea hearing bely defendant's bald

assertions that his attorney was ineffective. Relevant here, the plea form expressly provides the terms of the State's plea offer: a ten-year term of imprisonment with an "[eighty-five percent] period of parole ineligibility pursuant to NERA[,] Megan's Law, Parole Supervision for Life, Avenel evaluation, Nicole's Law registration restraining order, no contact with [the] victims, or their residence[, and] mandatory penalties."

At the plea hearing, defendant acknowledged his attorney reviewed "each and every question on every page" of the plea form with him. Defendant also confirmed he understood each question, provided truthful answers, and initialed each page of the agreement. The judge reviewed the terms of the plea agreement with defendant, including that his prison term was subject to NERA, and asked defendant more than twenty questions related to the penal consequences of his conviction, including PSL. When the judge asked whether defendant understood each consequence, he politely answered, "Yes, ma'am."

We are therefore satisfied defendant failed to demonstrate a reasonable likelihood that his PCR claim would ultimately succeed on the merits, and failed to satisfy either prong of the test enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984), as adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). Pursuant to our discretionary standard of review, State v.

<u>Preciose</u>, 129 N.J. 451, 462 (1992), we discern no reason to disturb the judge's decision. Because there was no prima facie showing of ineffective assistance of counsel, an evidentiary hearing was not necessary to resolve defendant's PCR claims. <u>Ibid.</u>

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0950-18T1